**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JASON P. SHURNAS; et al., | No. 16-17277 |
| Plaintiffs-Appellants, | |
| v. | D.C. No. 2:15-cv-00908-MCE-DB |
| JAN LYNN OWEN, in her official capacity as Commissioner of the California Department of Business Oversight (formerly State of California Department of Corporations) and STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted December 8, 2017
San Francisco, California

Before:  M. SMITH and IKUTA, Circuit Judges, and HUMETEWA,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

Jason Shurnas appeals from the district court's dismissal of his first amended complaint. We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of a complaint for failure to state a claim de novo. *Morrison v. Peterson*, 809 F.3d 1059, 1064 (9th Cir. 2015).

Shurnas contends that section 25532 of the California Corporations Code is facially unconstitutional because it fails to provide sufficient notice that a recipient must request a hearing within 30 days after receiving a desist-and-refrain order. Shurnas's challenge fails because section 25532 adequately describes the remedies available to a recipient of a desist-and-refrain order, and the state is not required to provide "individualized notice of state-law remedies." *City of W. Covina v. Perkins*, 525 U.S. 234, 241 (1999). The district court did not abuse its discretion in denying leave to amend because any amendment would have been futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

To the extent that Shurnas attempts to challenge section 25532 on the ground that it does not comply with procedural due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976), such a challenge was not argued specifically and distinctly in his opening brief. Because "[w]e review only issues which are argued

specifically and distinctly in a party's opening brief," *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994), we do not address it.[1]

**AFFIRMED**

---

[1] We deny Owen's motion to strike Shurnas's Federal Rule of Appellate Procedure 28(j) letter as moot.